UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD ISAAC JOHNSON,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON et al.,<br><br>                Defendants. | CASE NO. C12-5864 RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br><br>NOVEMBER 30, 2012 |

The district court has referred this 42 U.S.C. § 1983 civil rights action to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

The Court recommends that this action be dismissed without prejudice prior to service because plaintiff is challenging ongoing criminal prosecution and seeks to have charges dismissed (ECF No. 1, proposed complaint page 8). Plaintiff asked to proceed in forma pauperis and used the form for an inmate who is incarcerated (ECF No. 1). However, the address plaintiff supplied is in Dupont, Washington and does not appear to be connected to a jail (ECF No. 1).

REPORT- 1

The Court entered an order to provide additional information and plaintiff has responded (ECF No.3 and 4). Plaintiff states that he is still incarcerated (ECF No. 4). Accordingly, the Court granted in forma pauperis status as allowed pursuant to the Prison Litigation Reform Act. *See*, 28 U.S.C. § 1915(a)(2).

The Court has reviewed the twenty-seven page narrative complaint. Plaintiff may not challenge ongoing criminal prosecution and the fact or length of his incarceration in a civil rights action. Therefore, this Court recommends that this action be dismissed prior to service and that in forma pauperis status be revoked for the purpose of appeal.

## DISCUSSION

In forma pauperis complaints may be dismissed before service of process pursuant to 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." *Id*. at 325. Leave to amend is not necessary if it is clear that the deficiencies in the complaint cannot be cured by amendment. *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984). Plaintiff names the State of Washington and various local governmental entities as defendants (ECF No. 1, proposed complaint). Plaintiff also names as defendants the department of assigned counsel attorneys, prosecuting attorneys, and "Pierce County Superior Courts." (ECF No. 1, proposed complaint). Plaintiff alleges that he was improperly arrested, transported to jail, and charged. He alleges that the charges must be dismissed because he claims that there is no "physical evidence" (ECF No. 1, proposed complaint). Plaintiff does not disclose what criminal charges are pending against him and instead he refers to Pierce County Court criminal cause numbers. Plaintiff demands release from incarceration and dismissal of charges throughout the twenty seven page rambling complaint. He also demands "Five Trillion Dollars" in damages (ECF No. 1, page 27).

If a plaintiff is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id*. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the Court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

Plaintiff seeks release from imprisonment and dismissal of pending charges. This action cannot proceed through civil rights and must be brought as a habeas corpus petition after a final state decision. The Court finds that amendment of the complaint cannot cure this defect. Therefore, the Court recommends dismissal prior to service. Further, given the nature of this action the Court does not believe that plaintiff should be granted in forma pauperis status on appeal. The Court recommends revocation of in forma pauperis status for the purpose of appeal.

1     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report and Recommendation to file written objections.

3 *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for

4 purposes of de novo review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating

5 the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for

6 consideration on November 30, 2012, as noted in the caption.

7     Dated this 7th day of November, 2012.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

REPORT- 4